UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TERENCE LEE

      Plaintiff,

vs.

NEW PENN FINANCIAL, LLC d/b/a
SHELLPOINT MORTGAGE SERVICING

      Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, TERENCE LEE ("Plaintiff"), by and through undersigned counsel, brings this action against the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Defendant"), and as grounds thereof would allege as follows:

## JURISDICTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and Florida Statutes §§ 559.55-559.785, *a/k/a* the "Florida Consumer Collection Practices Act" ("FCCPA").

2. Jurisdiction of the Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

FD-3643

4. Venue is this District is proper because Plaintiff resides here and Defendant does business and sends written correspondence into this District.

## PARTIES

5. At all times relevant to this Complaint, Defendant was and is a foreign Limited Liability Corporation, incorporated under the laws of the State of Delaware, with its principal place of business at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462.

6. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

7. At all times relevant to this Complaint, Defendant regularly uses the mail in a business for the purpose of collecting consumer debts.

8. At all times relevant to this Complaint, Defendant regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6).

9. At all times relevant to this Complaint, Plaintiff was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Florida Statutes § 559.55(2), and/or a person with standing to bring a claim under the FCCPA and FDCPA by virtue of being directly affected by violations of the Act.

10. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under 15 U.S.C. § 1692a(5) and Florida Statute § 559.55(6).

## BACKGROUND AND GENERAL ALLEGATIONS

11. Plaintiff retained Loan Lawyers, LLC, for representation with regard to a disputed debt arising from a mortgage for which the Defendant has provided servicing.

12. Defendant has alleged to have been a servicer on a debt alleged by Defendant to be owed by Plaintiff.

13. Defendant was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

14. Plaintiff was named as a defendant in a foreclosure action in Miami-Dade County Circuit Court in relation to Plaintiff's home and on or about December 10, 2015, Loan lawyers, LLC, as counsel for Plaintiff, filed their Notice of Appearance in the foreclosure action.

15. Since that time, counsel for Plaintiff has filed pleadings, motions and has actively participated in the litigation of the foreclosure action.

16. Upon information and belief, Defendant monitored the foreclosure action and saw pleadings filed by Plaintiff's counsel.

17. On or about January 8, 2016, Plaintiff sent Defendant a letter indicating that Plaintiff was represented by Loan Lawyers, LLC, regarding all aspects of the subject mortgage debt. Defendant was informed that all communications regarding the subject mortgage debt were to be directed to Plaintiff's counsel. The letter provided the mailing address and phone number for Loan Lawyers, LLC. A true and correct copy of same is attached and incorporated herein as Exhibit "A".

18. On or about January 13, 2016, Defendant received the above letter informing Defendant of Plaintiff's representation by counsel along with counsel's address and phone number.

19. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

20. All of Defendant's actions in regard to the disputed debt have been for the purpose of collecting the disputed debt.

21. Defendant had actual knowledge that Plaintiff was represented by counsel in regard to the disputed debt and was aware of the nature and scope of same.

22. Defendant communicated with Plaintiff multiple times in connection with the collection of a debt, including on or about January 19, 2017; February 16, 2017; March 19, 2017; and April 18, 2017, when Defendant mailed correspondence to Plaintiff's primary residence. A true and correct copy of the above referenced document(s) are attached and incorporated herein as Exhibit "B".

23. The letter(s) urged Plaintiff to contact Defendant in connection with the collection of a debt, and the letter(s) constituted an attempt to collect a debt.

24. The letter(s) provided a phone number for Defendant's collections line, a telephone line which Defendant staffs with representatives of Defendant and whose purpose is to solicit payments from consumers.

25. The letter(s) constituted a communication with the Plaintiff when Defendant knew that the Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of Loan Lawyers, LLC's name, address, and telephone number.

26. Upon information and belief, Defendant communicated with Plaintiff on a nearly monthly basis after January 19, 2017 in the same manner as described above. Plaintiff is still in the process of gathering additional information as to those other communications.

27.     Defendant communicated with Plaintiff a number of other times after Defendant was aware that Plaintiff was represented by counsel in regard to the disputed debt.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(18)

28.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

29.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant contacted Plaintiff in connection with the collection of a debt after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of Florida Statutes §559.72(18).

30.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated Florida Statutes §559.72(18).

31.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

32.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for statutory damages of up to $1000 per violation, together with actual damages, reasonable attorney's fees and court costs.

33.     Plaintiff has satisfied all conditions precedent to bringing this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing for statutory and actual damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require. Plaintiff further respectfully requests that this Honorable Court enter an order pursuant to Florida Statutes §559.77(2), enjoining the Defendant

from contacting the Plaintiff, including by and through a third party, with regards to the disputed debt while the Plaintiff is represented by counsel with regards to such debt.

## **COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)**

34.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

35.     Prior to retaining counsel on this matter, Plaintiff received relentless requests for payments from Defendant.

36.     As a result of the above-mentioned communications, Plaintiff experienced mental pain, shock, suffering, aggravation, humiliation, embarrassment and sleeplessness.  The thought of Plaintiff losing Plaintiff's home and primary residence has caused Plaintiff to experience a high degree of anxiety.

37.     Plaintiff was so distraught with the thought of losing Plaintiff's home; Plaintiff retained the undersigned law firm to represent Plaintiff and to deal directly with the Defendant so that Plaintiff would no longer have to deal with the Defendant.

38.     Plaintiff signed the cease and desist letter attached hereto as Exhibit "A" to avoid any further commutation with the Defendant.

39.     The letter specifically advised that all contacts were to be ceased immediately.

40.     Upon receipt of the above referenced correspondence, Plaintiff was, understandably, quite distressed.

41.     The correspondence urged Plaintiff to contact Defendant in connection with the collection of a debt, and was an attempt to collect a debt.

42.     The correspondence provided a phone number for Defendant's collections line, a line which Defendant staffs with representatives of Defendant and whose purpose is to solicit payments from consumers.

*FD-3643*

43. Defendant had been communicating with the undersigned law firm and could have contacted the undersigned law firm.

44. Instead, Defendant chose to harass the Plaintiff by contacting Plaintiff directly.

45. Defendant communicated with Plaintiff a number of other times after Defendant was aware that Plaintiff was represented by counsel in regard to the disputed debt.

46. By directly engaging in the above referenced communications with Plaintiff, Defendant increased the severity of Plaintiff's suffering and engaged in conduct, which was harassing.

47. In the above referenced communications, Defendant circumvented Plaintiff's counsel and attempted to trick Plaintiff into acting against Plaintiff's interests into giving up Plaintiff's home for a deed in lieu of foreclosure, engaging in abusive conduct towards Plaintiff.

48. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant has engaged in harassing and abusive conduct towards Plaintiff, in contravention of Florida Statutes §559.72(7).

49. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated Florida Statutes §559.72(7).

50. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

51. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for statutory damages of up to $1000 per violation, together with actual damages, reasonable attorney's fees and court costs.

52. Plaintiff has satisfied all conditions precedent to bringing this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing for statutory damages and actual damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require. Plaintiff further respectfully requests that this Honorable Court enter an order pursuant to Florida Statutes §559.77(2), enjoining the Defendant from contacting the Plaintiff, including by and through a third party, with regards to the disputed debt while the Plaintiff is represented by counsel with regards to such debt.

### COUNT III-VIOLATION OF FDCPA: 15 USC 1692c(a)(2)

53. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

54. 15 U.S.C. §1692c(a) states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

55. Defendant communicated with Plaintiff in connection with the collection of a debt when Defendant knew that Plaintiff was represented by counsel with respect to the alleged debt.

56. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692c(a).

57. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and have agreed to pay a reasonable attorney's fee.

FD-3643

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, TERENCE LEE, hereby demands a trial by jury of all issues so triable.

Dated this 28th day of July 2017.

Respectfully Submitted,

By: /s/ Anthony C. Norman
Anthony C. Norman, Esq.
Florida Bar No. 112105
E-mail: anthony@fight13.com
Secondary E-mail: traci@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave, Second Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*FD-3643*